121 F.Supp. 792 (1954)
ZENITH RADIO CORP.
v.
RADIO CORP. OF AMERICA et al.
Civ. No. 1247.
United States District Court, D. Delaware.
May 20, 1954.
*793 Arthur G. Connolly and Thomas Cooch of Connolly, Cooch & Bove, Wilmington, Del., Joseph S. Wright, Francis W. Crotty and Philip J. Curtis, Chicago, Ill.; Willis H. Taylor, Jr., R. Morton Adams and Thomas F. Reddy, Jr., of Pennie, Edmonds, Morton, Barrows & Taylor, New York City, and Thomas C. McConnell of McConnell, Lutkin & Van Hook, Chicago, Ill., for plaintiff.
Caleb S. Layton of Richards, Layton & Finger, Wilmington, Del., Stephen H. Philbin of Fish, Richardson & Neave, New York City, John W. Nields, (of Cahill, Gordon, Zachry & Reindel), New York City, and Leonard Lyon, Los Angeles, Cal., for defendant Radio Corporation of America.
John J. Morris, Jr. of Morris, James, Hitchens & Williams, Wilmington, Del., Thomas Thacher and Delevan Smith of Simpson, Thacher & Bartlett, New York City, for defendant General Electric Co.
William Prickett, Wilmington, Del., and John E. F. Wood and Henry R. Ashton, New York City, for defendant Western Electric Co., Inc.
LEAHY, Chief Judge.
Claiming sanctuary for some 1600 documents, defendants have refused to produce them for various reasons of privilege, opinion, "work product", and absence of good cause. The withheld documents roughly fall into five categories: (1) those passing between the inventor and patent department employees; (2) those passing between various employees of the same patent department and their related memoranda; (3) those passing between patent department employees and employees of other departments of the same corporation, exclusive of "house counsel"; (4) those passing between patent department employees and non-employees of the corporation, exclusive of "outside counsel"; (5) those passing between patent department employees and either "house counsel" or "outside counsel".
These are the formulae to be followed in determination of the Fed.Rules Civ. Proc. rule 34, 28 U.S.C., motion to produce the withheld documents of all categories. If counsel can not themselves apply these rules to particular papers, I shall arrange for a Special Master to rule on those in dispute. The scope of the Master's authority shall be bounded by what is here written. I do not contemplate any necessity for his having prolonged hearings or being educated in the nature and extent of the patents in suit. Within thirty days after a disputed document is presented to him for decision, the Master will rule upon it. Should any such document not be dispositively governed by these principles, the Master is instructed to refer that exception to me. In the Appendix, infra, I rule on those documents heretofore handed or detailed to me which, though comparatively few in view of the 1600 or so to be ruled upon, shall at least be illustrative.
A factual conflict has arisen as to the nature of the work of defendants' patent department employees. Plaintiff would have it all technical or business and defendants preponderantly legal or under trial attorneys' direction. Although plaintiff's position hovers closer to the realities than defendants', a median characterization more nearly accords with the facts. Essentially, attorneys and employees of defendants' patent departments are engaged in a type of non-legal work to which the attorney-client privilege and "work product" exemption do not attach. In unusual instances, however, they may so deviate from routine work as to qualify. Hereinafter, criteria for non-production are established which resolve the greater part of the conflict, but sufficient elasticity has been provided to encompass the exceptional patent department document. With so many documents written under varying circumstances and times, one blanket ruling on their production would unnecessarily risk inaccuracies of generalization.
*794 Judge Wyzanski's distinguished decision in United States v. United Shoe Machinery Corp., D.C.Mass., 89 F.Supp. 357, has been closely followed as a directly applicable precedent. On it these rulings rest.

A) Privilege
There is a privilege only if:
1. the asserted holder of the privilege is or sought to become a client.
In this connection, the respective clients are RCA, General Electric, and Western Electric  not the inventors, who are employees.
2. the person to whom the communication was made
a) is a member of the bar of a court or his immediate subordinate and
b) is acting as a lawyer in connection with this communication.
"Outside counsel" for corporations almost invariably, and "house counsel" ordinarily, qualify under this requirement. Organizational charts to the contrary, I do not regard patent department attorneys as "house counsel". Bar membership should properly be of the court for the area wherein the services are rendered, but this is not a sine qua non, e. g., visiting counsel, long distance services by correspondence, pro hac vice services, "house counsel" who practice law only for the corporate client and its affiliates and not for the public generally, for which local authorities do not insist on admission to the local bar.
By "immediate subordinate" I mean to include the general office clerks and help, law clerks, junior attorneys, and the like who habitually report to and are under the personal supervision of the attorney through whom the privilege passes. However, a privilege available to the attorney-chief of a department or intermediate chief does not, as such, protect everyone in his department or everyone organizationally under him; his privilege, if any, extends only to his immediate subordinates as indicated.
"Acting as a lawyer" encompasses the whole orbit of legal functions. When he acts as an advisor, the attorney must give predominantly legal advice to retain his client's privilege of non-disclosure, not solely, or even largely, business advice. At this stage, attorney-employees of the patent departments of RCA, GE, or WE may or may not qualify in specific instances. They do, for example, when in specific matters they are engaged in applying rules of law to facts known only to themselves and other employees of their client-companies, and in preparing cases for and prosecuting appeals in the Court of Customs and Patent Appeals and other like courts of record. They do not "act as lawyers" when not primarily engaged in legal activities; when largely concerned with technical aspects of a business or engineering character, or competitive considerations in their companies' constant race for patent proficiency, or the scope of public patents, or even the general application of patent law to developments of their companies and competitors; when making initial office preparatory determinations of patentability based on inventor's information, prior art, or legal tests for invention and novelty; when drafting or comparing patent specifications and claims; when preparing the application for letters patent or amendments thereto and prosecuting same in the Patent Office; when handling interference proceedings in the Patent Office concerning patent applications.[1]
Any privilege there may be is not a blanket one. The limitation, "in connection with this communication", frames the special relationship that must be found for each document separately considered.
*795 3. the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either an opinion on law, or legal services or assistance in some legal proceeding.
In this case, the corporation is the client. "Strangers" are those not affiliated with the corporation as employees, officers, directors, or "outside counsel". The legal purpose of the communication is to be ascertained in the context of the comments upon a lawyer's activities, supra.
Of course, the privilege must be claimed  it is here  and not waived by the client.

B) Opinion
The second ground on which the documents are withheld is the assertion some merely express opinions of inventors, engineers, and patent department employees. Without more, this is an insufficient reason to preclude their disclosure to plaintiff in pretrial discovery. If not otherwise protected from production, these recorded opinions under the circumstances are to be produced for what they are worth as clues to other discoverable and admissible factual evidence  if that be still within the realm of reason after the huge volume of documents discovered to date  as potential impeachment tools; as perhaps explanatory of the inventors' original claims under the patents in suit, or as containing material admissions concerning the validity of defendants' patents, and the like.

C) "Work Product"
Whatever sanctity may halo "work product", I envisage few, if any, documents of the first four categories, supra, as qualifying for this protection. "Work product" encompasses the impressions, observations and opinions recorded by an attorney, as the product of his investigation of a case in his actual preparation for trial on behalf of a client. It has been extended to include the recorded investigative work of a person hired by the attorney in his trial preparation and acting under his supervision and direction. The extension does not automatically immunize the work of entire departments or staffs of corporations whose chiefs are attorneys. Documents originating in defendants' patent departments  except those going to "house counsel" or outside counsel and qualifying under their derivative privileges  are not ordinarily "work product". Seldom, if ever, are patent department employees engaged in actual preparation for a trial of the required type. Remote possibility of litigation such as surrounds nearly every act of the office attorney is an insufficient showing. Preparations for Patent Office proceedings and interferences do not qualify because of the administrative nature of the hearings, the qualifications for admission to practice, and absence of the discovery techniques in the rules of practice. What has been said, supra, of identifying criteria of an attorney functioning as an attorney is equally applicable to "work product" considerations.

D) "Good Cause"
Plaintiff meets F.R. 34's requirement of "good cause" for production when it shows both the relevance of the documents  all pertain to patents in suit  and the information contained in them is, by their nature, within the exclusive knowledge of the defendants. Their contents were withheld on the depositions of the writers and will remain unknown to plaintiff unless produced. There being legitimate discovery ends to be served, production should be made now of those found neither privileged or "work product," and not await trial.
An order appointing the Special Master may be submitted, integrating the rulings made in this memorandum.

*796 Appendix

 Ground of
Iden. Type From To Date Sub. Matter Withholding Ruling Reason
GE 400B-19 Letter C. S. Root C. M. Hutchins 7/15/41 Opinion of effect Privilege and To be produced Non-privileged.
 (Inventor, GE (An attorney in of prior patents equal availability No att'y-client
 Radio & Tel. GE Pat. Dept.) cited by Examiner relationship.
 Eng. Sec.) upon Root's Not equally
 application for available
 Pat. 2,282,381, being
 processed by
 Hutchins on GE's
 behalf
GE 800B-85 " R. K. Bailey, P. A. Frank 12/8/48 Patent approval Privilege, work " Non-privileged.
 Jr. (Law Clerk (An attorney search of patent product, and No att'y-client
 in GE Patent in GE Pat. office records re equal availability relationship.
 Dept.) Dept.) Gruen discriminator Not work
 circuit and product.
 opinions of effect Analysis not
 of patents found equally available
 preparatory to
 Gruen Patent
 Application
GE 800A-5 Flyleaf of GE Penciled __ Undated Note of two prior Work product, " Not work
 Dkt. 84173 notation of C. art patents possibly privilege, equal product. No
 Re Gruen M. Hutchins affecting availability privilege. Not
 Patent (Att'y in GE Gruen application equally available
 Pat. Dept.)
GE-800B-18 Form captioned File memorandum __ 3/3/52 Check List for " "[*] "
 "Payment of of C. M. fee payment with
 Final Fee". Re Hutchins (Att'y Gruen Pat. Application
 Gruen Patent in GE Pat.
 Dept.)
GE 800B-71 Letter B. J. Lawrence C. M. Hutchins 5/9/50 Forwarding of " " "
 (GE Engineer) (Att'y in GE Zenith Tel. Receiver
 Pat. Dept.) Diagram 
 Addressee's written
 note thereon

*797
 Ground of
 Iden. Type From To Date Sub. Matter Withholding Rulling Reason
 GE 800B-58 Letter W. J. Gruen C. M. Hutchins 6/13/50 Reference to Work product, To be produced[*] Not work product.
 (Inventor GE (Att'y in GE Barco Pat. and privilege, equal No privilege.
 Receiver Division) Pat. Dept.) penciled notes availability Not equally
 thereon available
 GE 800B-38 " C. M. Hutchins M. D. Morse 3/3/52 Processing of " " "
 (Att'y in GE (Patent Counsel Gruen Pat. App.
 Pat. Dept.) of GE Electronics
 Division)
 GE 800B-147 " " Thomas Thacher 6/2/52 Present suit " To be withheld Attorney-client
 (Outside privilege
 counsel of GE)
 Z 2800 B 123-124 " T. R. Goldsborough H. J. O. Barton 11/17/31 Letter of transmittal Work product, To be produced Non-privileged,
 (Att'y (RCA Pat. Agt.) of report privilege and not work product,
 RCA Pat. of engineers of opinion opinion
 Dept.) RCA containing properly discoverable
 opinion re application here
 and foreign
 filing
 Z 2800 B 61-62 Memo F. M. Harris Pat. Dept. Files 1/17/36 Discussion and " " "
 (Att'y RCA opinion re Kell
 Pat. Dept.) application and
 other applications
 Z 2800 B 68-69 Letter W. H. Martin T. R. Goldsborough 10/8/34 Discussion and " " "
 (Att'y RCA (Att'y RCA opinion re Kell
 Pat. Dept.) Pat. Dept.) application and
 foreign prosecution
 and request
 for recommendation
 Z 2800 B 101 " S. B. Smith H. D. Gregory 9/8/32 Discussion and " " "
 (Att'y RCA (Att'y RCA opinion re Kell
 Pat. Dept.) Pat. Dept.) application
 Z 2803 11 " F. M. Harris H. G. Grover 8/13/35 " " " "
 (Att'y RCA (Att'y RCA
 Pat. Dept.) Pat. Dept.)

*798
 Ground of
 Iden. Type From To Date Sub. Matter Withholding Rulling Reason
 Z 2802 13-14 Letter S. B. Smith H. D. Gregory 2/19/32 Discussion and Work product, To be produced Non-privileged,
 (Att'y RCA (Att'y RCA opinion re Kell privilege and not work product,
 Pat. Dept.) Pat. Dept.) application opinion opinion
 properly discoverable
 here
 Z 2802 9-12 Report H. D. Gregory S. B. Smith 10/16/33 Discussion and " " "
 (Att'y RCA (Att'y RCA opinion re interviews
 Pat. Dept.) Pat. Dept.) views with examiners
 concerning
 Kell application
 Z 2600 B 104-105 " W. A. Tolson E. W. Engstrom 1/3/34 Report re applications Privilege opinion " Non-privileged,
 (Engineer RCA) (Engineer RCA) including opinion properly
 Vance application discoverable
 here
 Z 1703 C 21-22 Letter E. W. Bumstead F. J. Harbaugh 4/8/38 Discussion and Work product, " Non-privileged,
 (RCA Pat. Agt.) (RCA Pat. Agt.) opinion re other privilege and not work product,
 applications and opinion; equal opinion
 other patents availability properly discoverable
 here;
 not equally
 available
 Z 1000 B 97-98 " H. D. Gregory W. H. Martin 5/31/34 Refers to Z 1000 Work product, " Non-privileged,
 (RCA Pat. (RCA Pat. B 99 and discusses privilege and not work product,
 Att'y) Att'y) blocking oscillator opinion opinion
 properly discoverable
 here
 Z 1000 S 27 Drawing H. D. Gregory RCA Pat. Dept. Undated Penciled drawing Work product, " Non-privileged,
 (RCA Att'y Files of horizontal privilege and not work product,
 Pat. Dept.) and vertical deflection opinion; equal opinion
 circuit availability properly discoverable
 here, not
 equally available
 Z 1300 B 109-111 Letter " H. J. O. Barton 1/2/34 Discussion and " " "
 (RCA Pat. Agt.) opinion concerning
 Vance application

*799
 Ground of
 Iden. Type From To Date Sub. Matter Withholding Ruling Reason
 Z 1500 B 15 Memo H. D. Gregory Pat. Dept. Files 2/7/35 Discussion and Work product, To be produced Non-privileged,
 (RCA Att'y (RCA) opinion re claims privilege, and not work product,
 Pat. Dept.) of Ballard application opinion opinion
 properly discoverable
 here
 Z 2307 B 156-157 Letter H. D. Newton H. J. O. Barton 11/23/33 Discussion and Work product, " Non-privileged,
 (RCA Pat. Agt.) (RCA Pat. Agt.) opinion re Smith privilege and not work product,
 applications opinion; equal opinion
 availability properly discoverable
 here, not
 equally available
 Z 2330 93, 94 " " A. S. Greenberg 11/30/32 " Work product, " Non-privileged,
 privilege and not work product,
 opinion opinion
 properly discoverable
 here
 Z 2347 12 " H. D. Newton C. W. McClair 7/17/34 Discussion and Work product, " Non-privileged,
 (RCA Pat. Agt.) (RCA Pat. opinion re other privilege, opinion, not work product,
 Dept. Att'y) patents and applications equal opinion
 with availability properly discoverable
 reference to here, not
 Smith app. equally available
 Z 2600 B 24-26 " F. M. Harris H. Shore 9/10/37 Discussion and " " "
 (RCA Pat. (RCA Pat. Agt.) opinion re other
 Dept. Att'y) patents
 Z 2600 B 60 " W. H. Martin T. R. Goldsborough 11/22/35 Letter of transmittal " " "
 (RCA Pat. Agt.) (Att'y with reference
 RCA Pat. Dept.) to other
 patent
 Z 2308 B 31 " W. L. Parrott C. W. McClair 1/31/33 Discussion and Work product, " Non-privileged,
 (RCA Pat. Agt.) (RCA Att'y opinion re other privilege and not work product,
 Pat. Dept.) application opinion opinion
 properly discoverable
 here

*800
 Ground of
 Iden. Type From To Date Sub. Matter Withholding Ruling Reason
 Z 2327 20, 21 Letter F. J. Harbaugh J. G. Norton 12/26/33 Discussion and Work product, To be produced Non-privileged,
 (RCA Pat. Agt.) (RCA Pat. Dept. opinion re Smith privilege and not work product,
 Att'y) application opinion; equal opinion
 availability properly discoverable
 here, not
 equally available
 Z 2300 C 34 " C. D. Tuska J. G. Norton 4/22/43 Letter of transmittal Work product, " Non-privileged,
 (RCA Pat. Agt.) (RCA Pat. Dept. of Z 2300 privilege and not work product,
 Att'y) C 35-38 containing opinion opinion
 discussion properly discoverable
 and opinion re here
 Smith application
 Z 2300 C 35-38 " F. B. Stone C. D. Tuska 4/14/43 Discussion and Work product, " Non-privileged,
 (Engineer RCA) (RCA Pat. Agt.) opinion re specifications privilege and not work product,
 of opinion; equal opinion
 Smith application availability properly discoverable
 here, not
 equally available
 Z 2308 B 28 Memo W. L. Parrott RCA Pat. Dept. 4/7/33 Discussion and " " "
 (RCA Pat. Agt.) Files opinion re detector
 oscillator
 tubes with reference
 to Smith
 application
 Z 1000 B 26 Drawing F. M. Harris " Undated Penciled drawing " " "
 (RCA Pat. Dept. of circuits and
 Atty.) notations referring
 to other
 patent
 Z 1000 B 99 Memo W. A. Tolson H. D. Gregory 5/29/34 Discussion and Work product, " Non-privileged,
 (Engineer RCA) (RCA Pat. Dept. opinion re claims privilege and not work product,
 Atty.) of Tolson application opinion opinion
 properly discoverable
 here

*801
 Ground of
Iden. Type From To Date Sub. Matter Withholding Ruling Reason
Z 1000 B 164-165 Memo T. R. Goldsborough A. F. Murray Undated Pat. Attys.' request Work product, To be produced Non-privileged,
 (RCA Pat. (RCA Engineer) for engineers' privilege and not work product,
 Dept. Atty.) et al. opinion re opinion opinion
 claims of application properly discoverable
 notations here
 by engineers
Z 2900 C 21 Letter M. G. Crosby J. D. Black 7/30/40 Discussion and " " "
 (RCA Communications) (Atty. RCA Pat. opinion re Crosby
 Dept.) application
Z 2900 C 22 " J. D. Black M. G. Crosby 7/24/40 Letter requesting Work product, " Non-privileged,
 (Atty. RCA Pat. (RCA Communications) documents re privilege not work product
 Dept.) Crosby application
Z 2900 C 104 " M. G. Crosby J. D. Black 10/15/34 Discussion and Work product, " Non-privileged,
 (RCA Communications) (Atty. RCA Pat. opinion re Crosby privilege and not work product,
 Dept.) by application opinion opinion
 properly discoverable
 here
Z 2900 C 120 " " " 4/21/32 " Work product, " Non-privileged,
 privilege, opinion not work product,
 and equal opinion
 availability properly discoverable
 here,
 not equally
 available
Z 1300 B 56-58 " S. B. Smith A. W. Vance 12/6/24 Discussion and Work product, " "
 (Atty. RCA (RCA Engineer) opinion re claims privilege, opinion
 Pat. Dept.) of Vance application and equal
 availability
Z 1302 C 15-18 " T. R. Goldsborough S. B. Smith 6/4/35 " " " "
 (Atty. (Atty. RCA
 RCA Pat. Dept.) Pat. Dept.)

*802
 Ground of
Iden. Type From To Date Sub. Matter Withholding Ruling Reason
Z 1500 B 61-63 Memo S. B. Smith F. M. Harris 12/13/38 Discussion and Work product, To be produced Non-privileged,
 (Atty. RCA (Atty. RCA opinion re claims privilege and not work product,
 Pat. Dept.) Pat. Dept.) of Ballard application opinion opinion
 properly discoverable
 here
Z 1500 B 135 Letter H. D. Gregory H. J. O. Barton 11/3/32 " Work product, " Non-privileged,
 (Atty. RCA (RCA Pat. Agt.) privilege, opinion not work product,
 Pat. Dept.) and equal opinion
 availability properly discoverable
 here,
 not equally
 available
Z 1500 B 136-137 " T. R. Goldsborough A. F. Murray Undated Bequest for opinion Work product, " Non-privileged,
 (Atty. (RCA Engineer) re Ballard privilege and not work product,
 RCA Pat. Dept.) et al. application opinion opinion
 properly discoverable
 here

NOTES
[1] These are not hallmark activities of attorneys. Patent solicitors, agents, and other non-lawyers may practice before the Patent Office. Any citizen although not an attorney may qualify for practice before the Patent Office. Admission for all is by special examination. 35 U.S. C.A.Appendix.
[*] The contrary ruling upon a similar document at the March 1, 1954, hearing (Transcript, p. 33) is reversed since the communication is not privileged under any attorney-client relationship, does not qualify as "work product", is not equally available to plaintiff, and, although an opinion, is properly discoverable.